**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| RICHARD CREEL and BECKY CREEL, ) | CASE NO. 3:21-cv-448 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| BOEHRINGER INGELHEIM ) | |
| PHARMACEUTICALS, INC., BOEHRINGER ) | |
| INGELHEIM CORPORATION, BOEHRINGER ) | |
| INGELHEIM USA CORPORATION, ) | |
| BOEHRINGER INGELHEIM INTERNATIONAL ) | |
| GMBH, BOEHRINGER INGELHEIM PROMECO ) | |
| S.A. de C.V., GLAXOSMITHKLINE LLC, ) | |
| GLAXOSMITHKLINE (AMERICA) INC., ) | |
| GLAXOSMITHKLINE, PLC, PFIZER, INC., ) | |
| SANOFI-AVENTIS U.S. LLC, SANOFI US ) | |
| SERVICES INC., SANOFI S.A., and PATHEON ) | |
| MANUFACTURING SERVICES, LLC, ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BI") hereby gives notice of removal of this action, *Creel, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc.*, *et al.*, Case No. C-708969 24, from the 19th Judicial District Court Parish of East Baton Rouge to the United States District Court for the Middle District of Louisiana. As grounds for removal, BI states as follows:

### INTRODUCTION

1.  This action is one of many related lawsuits filed against manufacturers of Zantac (ranitidine) relating to cancers allegedly caused by the medication. On February 6, 2020, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation ("MDL") in the Southern District of Florida for pretrial coordination of cases like this one—*i.e.*, cases "in

which plaintiffs allege that they developed cancer as a result of NDMA formed from Zantac." *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L. 2020). The JPML found that centralizing these cases for pretrial purposes "will eliminate duplicative discovery; prevent inconsistent rulings . . . and conserve the resources of the parties, their counsel, and the judiciary." *Id.* To date, well over 1000 actions have been filed in or transferred to the Zantac MDL, with more (including this action) sure to follow.

2. None of the national pharmaceutical manufacturers named in these ranitidine-related cases is a citizen of Louisiana.

3. Thus, the basis for removal here is materially identical to the basis for federal jurisdiction over dozens of substantially similar ranitidine-related cases previously transferred to the MDL: there is complete diversity of citizenship between Plaintiffs and Defendants.

## BACKGROUND

4. On June 25, 2021, Plaintiffs Richard Creel and Becky Creel (hereinafter, "Plaintiffs"), filed their Petition for Damages in the 19th Judicial District Court in the Parish of East Baton Rouge, Louisiana, against thirteen entities that Plaintiffs allege are current and former manufacturers of Zantac. The thrust of the Complaint—like countless others in the MDL—is that Plaintiff Richard Creel ingested Zantac and, as a direct and proximate result, developed cancer—in this case, bladder cancer. Pet. ¶ 1. A copy of the Petition is attached as Exhibit 1. Specifically, Plaintiffs allege that Defendants "designed, developed, manufactured, tested, packaged, promoted, marketed, and/or distributed" Zantac. *Id.* ¶ 4.

5. As Plaintiffs acknowledge, none of the named Defendants is a citizen of Louisiana. *Id.* ¶¶ 4A.-P.

6. The Complaint alleges five apparent causes of action against Defendants pursuant to the Louisiana Products Liability Act: (1) defective design; (2) defective manufacture; (3) failure to warn of known dangers in the product; (4) other defects which may be disclosed at trial on the merits; and (5) loss of consortium. *Id.* ¶¶ 5-6.

7. Pursuant to 28 U.S.C. § 1446(a), copies of the state court docket sheet, all process, pleadings, orders, and other documents on file with the 19th Judicial District Court in the Parish of East Baton Rouge, Louisiana are attached hereto as Exhibit 2.

## VENUE AND JURISDICTION

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 98, 1391, 1441(a), and 1446(a) because the 19th Judicial District Court in the Parish of East Baton Rouge, Louisiana, where the Complaint was filed, is a state court within the Middle District of Louisiana.

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) there is complete diversity between Plaintiffs and Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## BASIS OF REMOVAL

**I.   There Is Complete Diversity of Citizenship Between Plaintiffs and All Defendants.**

10. There is complete diversity of citizenship here because Plaintiffs are citizens of the state of Louisiana, and all Defendants are citizens of states other than Louisiana.

11. Plaintiffs allege that they are both domiciled in, and residents of, Louisiana. Pet. at unnumbered ¶ before ¶ 1. Therefore, upon information and belief, Plaintiffs are citizens of Louisiana. *See Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) (holding that "citizenship has the same meaning as domicile" and that "the place of residence is prima facie the domicile").

12. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A limited liability company is a citizen of every state in which its members are citizens. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).

13. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut. Compl. ¶ 4A. Boehringer Ingelheim Pharmaceuticals, Inc. is, therefore, a citizen of Delaware and Connecticut.

14. Defendant Boehringer Ingelheim Corporation is a corporation organized under the laws of Nevada with its principal place of business in Ridgefield, Connecticut. *Id.* ¶ 4B. Boehringer Ingelheim Corporation is, therefore, a citizen of Nevada and Connecticut.

15. Defendant Boehringer Ingelheim USA Corporation is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut. *Id.* ¶ 4C. Boehringer Ingelheim USA Corporation is, therefore, a citizen of Delaware and Connecticut.

16. Defendant Boehringer Ingelheim International GmbH is a corporation formed and existing under the laws of Germany with its principal place of business in Ingelheim, Germany. *See id.* ¶ 4D. Boehringer Ingelheim International GmbH is, therefore, a citizen of Germany.

17. Defendant Boehringer Ingelheim Promeco, S.A. de C.V. is a corporation organized and existing under the laws of Mexico with its principal place of business in Xochimilco, Ciudad de Mexico. *Id.* ¶ 4F. Boehringer Ingelheim Promeco, S.A. de C.V. is, therefore, a citizen of Mexico.

18. Defendant GlaxoSmithKline LLC is a limited liability company. *Id*. ¶ 4F. The sole member of GSK LLC is GlaxoSmithKline Holdings (America) Inc., a corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware. GSK LLC is, therefore, a citizen of Delaware.

19. Defendant GlaxoSmithKline (America) Inc. is a Delaware corporation with its principal place of business in Wilmington, Delaware. *Id.* ¶ 4H. GlaxoSmithKline (America) Inc. is, therefore, a citizen of Delaware.

20. Defendant GlaxoSmithKline plc is a public corporation organized under the laws of the United Kingdom with its principal place of business in the United Kingdom. *See id.* ¶ 4I. GlaxoSmithKline plc is, therefore, a citizen of the United Kingdom.

21. Defendant Pfizer Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York, New York. *Id.* ¶ 4K. Pfizer Inc. is, therefore, a citizen of Delaware and New York.

22. Defendant Sanofi-Aventis U.S. LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey. *See id*. ¶ 4L. The sole member of Sanofi-Aventis U.S. LLC is Sanofi US Services Inc., a Delaware corporation with its principal place of business in New Jersey. Sanofi US Services Inc. is, therefore, a citizen of Delaware and New Jersey.

23. Defendant Sanofi US Services Inc. is a corporation organized under the laws of Delaware with its principal place of business in Bridgewater, New Jersey. *Id.* ¶ 4M. Sanofi US Services Inc. is, therefore, a citizen of Delaware and New Jersey.

24. Defendant Sanofi S.A. is a corporation organized under the laws of France with its principal place of business in Paris, France. *See id.* ¶ 4N. Sanofi S.A. is, therefore, a citizen of France.

25. Defendant Patheon Manufacturing Services LLC is a limited liability company organized under the laws of Delaware with its principal place of business in Greenville, North Carolina. *Id.* ¶ 4O. DPI Newco LLC is the sole member of Patheon Manufacturing Services LLC. Thermo Fisher (CN) Luxembourg Holding S.a.r.l. is the sole member of DPI Newco LLC. Thermo CIDTEC Inc. and TFS Life Holding LLC are the two members of Thermo Fisher (CN) Luxembourg Holding S.a.r.l. Thermo CIDTEC Inc. is incorporated in New York and also maintains its principal place of business in New York. TFS Life Holding LLC has 5 members: (1) Thermo Fisher Scientific Life Technologies Investment UK I Limited, which is an English company; (2) Thermo Fisher Scientific Sweden Holdings LLC; (3) Thermo Fisher Scientific Investments (Sweden) S.a.r.l.; (4) Thermo Fisher Scientific Life Investments US Financing II LLC; and (5) TFS Group Holding II LLC. Thermo Fisher Scientific Sweden Holdings LLC has two members, Thermo Fisher Scientific Investments (Sweden) S.a.r.l. and TFS Group Holding II LLC. Thermo Fisher Scientific Investments (Sweden) S.a.r.l. has two members, CHK Holdings Inc., a Delaware corporation with its principal place of business in Massachusetts, and FSWH International Holdings LLC. Fisher Scientific Worldwide Holdings I C.V. is the sole member of FSWH International Holdings LLC. Fisher Scientific Worldwide Holdings I C.V. has two members, Fisher Scientific Worldwide Inc., a Delaware corporation with its principal place of business in Massachusetts, and FSIR Holdings (US) Inc., also a Delaware corporation with its principal place of business in Massachusetts. TFS Group Holding II LLC has two members, Thermo Fisher Scientific Life Investments C.V. and TFS Group Holding I LLC. Thermo Fisher

Scientific Life Investments C.V. has two members, Thermo Fisher Scientific Life Investments GP LLC and Thermo Fisher Scientific Life Holdings II C.V.  Thermo Fisher Scientific Life Holdings III C.V. is the sole member of Thermo Fisher Scientific Life Investments GP LLC.  Thermo Fisher Scientific Life Holdings III C.V. has five members: (1) Thermo Fisher Scientific AL-1 LLC; (2) TFLP LLC; (3) Thermo Fisher Scientific Inc., a Delaware corporation with its principal place of business in Massachusetts; (4) Thermo BioAnalysis LLC; and (5) Erie Scientific LLC.  TFLP LLC is the sole member of Thermo Fisher Scientific AL-1 LLC.  TFLP LLC has five members: (1) Thermo Electron Corporation, a Delaware corporation with its principal place of business in Massachusetts; (2) Erie Scientific LLC, whose sole member is Apogent Technologies Inc., a Wisconsin corporation with its principal place of business in Massachusetts; (3) Apogent Technologies Inc.; (4) Fisher Scientific Worldwide Inc., a Delaware corporation with its principal place of business in Massachusetts; and (5) Fisher WWD Holding L.L.C., whose sole member is Fisher Scientific Worldwide Inc., a Delaware corporation with its principal place of business in Massachusetts.  Thermo BioAnalysis LLC has three members: (1) Thermo Fisher Scientific Inc.; (2) Life Sciences International Limited, an English company; and (3) Life Sciences International LLC, whose sole member is Helmet Securities Limited, an English company.  TFS Group Holding I LLC has twelve members: (1) Thermo Fisher Scientific Inc., (2) Thermo Luxembourg Holding LLC (Thermo Luxembourg Holding S.a.r.l.), whose sole member is Thermo Fisher Scientific Germany BV & Co. KG, which is owned by Thermo Fisher Scientific Inc. and Thermo Fisher Scientific Germany B.V., a Dutch company; (3) Molecular Bioproducts Inc., a California corporation with its principal place of business also in California; (4) Thermo Fisher Scientific Investments (Sweden) S.a.r.l., which has two members, CHK Holdings Inc., a Delaware corporation with its principal place of business in Massachusetts, and

FSWH International Holdings LLC, whose sole member is Fisher Scientific Worldwide Holdings I C.V., whose members are Fisher Scientific Worldwide Inc., a Delaware corporation with its principal place of business in Massachusetts, and FSIR Holdings (US) Inc., a Delaware corporation with its principal place of business in Massachusetts; (5) Fisher Scientific Worldwide Holdings I C.V.; (6) Thermo Fisher Scientific Life Investments US Financing I LLC, whose members are FSIR Holdings (US) Inc. and FSWH International Holdings LLC; (7) Fisher Scientific Worldwide Inc.; (8) Fisher Clinical Services Inc., a Pennsylvania corporation with its principal place of business also in Pennsylvania; (9) Liberty Lane Investment LLC, whose sole member is FSIR Holdings (US) Inc.; (10) Fisher Scientific International LLC, whose sole member is Thermo Fisher Scientific Inc.; (11) Thermo Fisher Scientific Life Investments US Financing II LLC, whose members are Perbio Science Sweden Holdings AB, a Swedish Company, and Thermo Fisher Scientific Life Investments II S.a.r.l., which is owned by Perbio Science AB, a Swedish company; and (12) Erie LP Holding LLC, whose sole member is Erie UK Holding Company, a Delaware corporation with its principal place of business in Massachusetts.  Consequently, Patheon Manufacturing Services LLC is not a citizen of Louisiana.

26.     Because Plaintiffs are citizens of Louisiana, and all Defendants are citizens of states other than Louisiana, complete diversity of citizenship exists between Plaintiffs and Defendants. *See* 28 U.S.C. § 1332(a).

**II.     The Amount in Controversy Exceeds $75,000.**

27.     Plaintiffs' claims also satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

28. "[A] defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

29. Here, Plaintiffs specifically assert that their damages, "including lost wages, past and future, medical expenses, past and future . . . including impairment of earning capacity . . . are in excess of $75,000." Pet. ¶ 7.

30. Other courts have similarly found that allegations of serious injury in product liability actions, including allegations of cancer like those Plaintiff makes here, support an inference that the amount in controversy requirement has been met. *See Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 241 (5th Cir. 2015) (holding that serious medical injuries alleged, including cancer, supported deduction that amount in controversy requirement was met, and reversing district court's rationale for remanding); *Caire v. Murphy Oil USA, Inc.*, 2013 WL 5350615, at *2 (E.D. La. Sept. 23, 2013) (the "severity" of a cancer diagnosis falls within the "spectrum of damages defined by the Fifth Circuit" to meet the minimum for diversity jurisdiction). Indeed, in another Zantac-related case in which a state-court plaintiff similarly claimed cancer as an injury, a federal court in the District of Nevada recently denied a motion to remand where the amount in controversy was not alleged, finding that the requirement was satisfied on the face of the complaint by the nature of the injury. *See Brooks v. Sanofi, S.A.*, 2020 WL 1847682, at *4 (D. Nev. Apr. 13, 2020); *see also Gates v. 84 Lumber Co.*, 2015 WL 2345427, at *1 (S.D. Ala. May 14, 2015) (inferring that amount in controversy requirement was met when alleged injury included cancer). *Brooks*, which originated in state court, has since been transferred to the Zantac MDL. *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, MDL No. 2924, Dkt. 808.

31.     Jury awards in cases involving similar allegations and requested damages further confirm that the amount in controversy meets the jurisdictional threshold.  For example, in a federal case in Louisiana, the jury found that a prescription medication caused the plaintiff's bladder cancer and awarded him more than $1 million in compensatory damages for pain and suffering and medical costs.  Jury Verdict, *Allen v. Takeda Pharm. Int'l, Inc.*, 2014 WL 1394617 (W.D. La. Apr. 7, 2014).  In another federal case, a jury awarded $225,000 in compensatory damages to a plaintiff on her claim that a pharmaceutical company negligently failed to warn consumers that its product could cause a severe jawbone disease.  *Baldwin v. Novartis Pharm. Corp.*, 2012 WL 1356336 (W.D. Mo. Apr. 6, 2012).

32.     Finally, in the hundreds of personal injury cases pending in the Zantac MDL, each plaintiff either expressly claims damages in excess of $75,000 or has impliedly done so by filing a lawsuit in federal court and invoking federal diversity jurisdiction.  Numerous plaintiffs in these cases allege that they have been diagnosed with bladder cancer, the same type of cancer that Plaintiff Creel claims he developed.  *See, e.g.*, *Adam v. Pfizer, Inc., et al.*, 9:21-cv-80204-RLR (S.D. Fla.); *Anderocci v. Boehringer Ingelheim Pharm., Inc., et al.*, 9:21-cv-80318-RLR (S.D. Fla.).  Like those cases, this case meets the requirements for federal diversity jurisdiction.

### III.    All Other Removal Requirements Are Satisfied.

33.     The Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(b).  To date, none of the named Defendants have been served.

34.     Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Although they have not been served, and thus their consent is not required, the

following Defendants nonetheless consent to this removal: Pfizer Inc., Sanofi-Aventis U.S. LLC, Sanofi US Services Inc., Glaxosmithkline, LLC, and Patheon Manufacturing Services LLC.

35. The following Defendants have not been served, and thus their consent to removal is not required: Boehringer Ingelheim Corporation, Boehringer Ingelheim USA Corporation, Boehringer Ingelheim International GmbH, Boehringer Ingelheim Promeco, S.A. de C.V., Sanofi S.A., GlaxoSmithKline (America) Inc., and GlaxoSmithKline plc.

36. BI is providing Plaintiffs with written notice of the filing of this Notice of Removal, as required by 28 U.S.C. § 1446(d).

37. Pursuant to 28 U.S.C. § 1446(d), BI is filing a copy of this Notice of Removal with the Clerk of the 19th Judicial District Court in the Parish of East Baton Rouge, Louisiana.

38. By filing this Notice of Removal, neither BI nor any other Defendant waives any defense that may be available to them and reserve all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction. If any question arises regarding the propriety of the removal to this Court, BI requests the opportunity to present a brief oral argument in support of its position that this case has been properly removed.

## CONCLUSION

WHEREFORE, BI gives notice that the matter bearing Case No. C-708969 24, pending in the 19th Judicial District Court in the Parish of East Baton Rouge, Louisiana, is removed to the United States District Court for the Middle District of Louisiana, and requests that this Court retain jurisdiction for all further proceedings in this matter.

Dated this 3rd day of August, 2021.

                                              /s/ *J. Robert Sheppard, III*
                                              J. Robert Sheppard, III
                                              LA Bar No. 36337

KING & SPALDING LLP
1100 Louisiana
Suite 4100
Houston, Texas 77002
Telephone: (713) 751-3200
Facsimile: (713) 751-3290
Email:  rsheppard@kslaw.com

*Attorney for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 3, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

    Michael C. Palmintier
    deGravelles & Palmintier
    618 Main Street
    Baton Rouge, Louisiana 70801

Furthermore, I caused the remaining parties to be served the same day through U.S. mail, as indicated below:

GlaxoSmithKline LLC
Mark Cheffo
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036

Pfizer Inc.
Joseph G. Petrosinelli
Williams & Connolly LLP
725 12th Street NW
Washington, D.C., 20005

Sanofi U.S. Services, Inc.
Sanofi-Aventis U.S. LLC
Anand Agneshwar
Arnold & Porter Kaye Scholer, LLP
252 West 55th Street
New York, NY 10019

Patheon Manufacturing Services LLC
Christopher R. Carton
Erica Mekles
Bowman and Brooke, LLP
317 George Street, Ste. 320
New Brunswick, NJ 08901

                                              /s/ *J. Robert Sheppard, III*